IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARCHIE GAITHER,

                 Plaintiff,

     v.

JOHN Q. HAMMONS HOTELS
MANAGEMENT, LLC, d/b/a Embassy
Suites Hotel, UDO STARCK, and
JOHN DOES 1-20,

                 Defendants.

No. CV 09-629-MO

OPINION & ORDER

**MOSMAN, J.,**

Plaintiff Archie Gaither moves to remand this case to Multnomah County Circuit Court due to a lack of subject matter jurisdiction. Defendant John Q. Hammons Hotels Management, LLC, ("JQH"), removed the case based on diversity jurisdiction under 28 U.S.C. § 1332. Mr. Gaither is an Oregon citizen, JQH is a Missouri entity, with its principal place of business in Springfield, Missouri, and defendant Udo Starck is an Oregon citizen. In order to attain the complete diversity required by § 1332, JQH has alleged that Mr. Starck is not a proper defendant. Mr. Gaither contends that Mr. Starck is a proper defendant under Oregon law, making complete diversity impossible, and requiring remand to state court.

PAGE 1 - OPINION & ORDER

**BACKGROUND**

Mr. Gaither brought suit against his former employer, JQH, and former manager, Mr. Starck, for unlawful harassment, discrimination, and retaliation, under Oregon Revised Statutes ("ORS") § 659A.030.  Mr. Gaither's first claim for relief is for racially based harassment suffered by Mr. Gaither while he was working for JQH, in the kitchen of the Embassy Suites Hotel near the Portland International Airport.  (Notice of Removal (#1) Ex. B ¶¶ 1-2, 6-11.)  Mr. Gaither alleges that he reported the harassment, that despite his report, one of the harassers was promoted to work as Mr. Gaither's direct supervisor, that as his supervisor this harasser made a bet that he could get Mr. Gaither fired, and that Mr. Gaither was in fact fired.  (*Id.* ¶¶ 8, 12-15, 24.)  No statute is listed as the basis for JQH's liability, although ORS 659A.885(1) is listed as the basis for the requested remedy.

In his second claim for relief, Mr. Gaither alleges retaliation under ORS 659A.030(1)(f), which prohibits the discharge of or discrimination against a person because that person has opposed unlawful employment practices.  Or. Rev. Stat. § 659A.030(1)(f).  Finally, Mr. Gaither brings his third claim for relief for different treatment under ORS 659A.030(1)(a), which outlaws the discharge of an employee because of his or her race, and ORS 659A.030(1)(b), which outlaws discrimination in the terms, conditions, or privileges of employment because of an employee's race.  *Id.* § 659A.030(1)(a)-(b).

Mr. Starck's liability under all three claims is under ORS 659A.030(1)(g), which makes it an unlawful employment practice "[f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter . . . ."  *Id.* § 659A.030(1)(g).  Mr. Starck was the assistant general manager at the Embassy Suites for which

Mr. Gaither worked.  (Notice of Removal (#1) Ex. B ¶ 4.)  Mr. Gaither alleges that Mr. Starck "knew, or should have known, of [the] plot to get Mr. Gaither fired . . . [and] was complicit in it." (*Id.* ¶ 19.)  He further alleges that Mr. Starck "pretextually disciplined and suspended" him and "aided and abetted each of the unlawful acts alleged" in the complaint.  (*Id.* ¶¶ 26, 29, 31, 34.)

Mr. Gaither filed his complaint on May 6, 2009, and JQH removed the case to this court on June 5, 2009.  The matter now before the court is Mr. Gaither's Motion to Remand Case to State Court (#5).  I hold that Mr. Gaither's claims against Mr. Starck are sufficient to make Mr. Starck a proper defendant under Oregon law.  The existence of an Oregon defendant destroys complete diversity, therefore I must remand this case to state court.  However, because this court has recently stated that an active participant in alleged unlawful discrimination cannot be individually liable for aiding and abetting, I hold that removal was not objectively unreasonable. Thus, I do not award fees and costs to Mr. Gaither.

## STANDARD OF REVIEW

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  A defendant seeking removal of a civil action from state court must file a notice of removal "in the district court of the United States for the district and division within which such action is pending."  *Id.* § 1446(a).

"A motion to remand is the proper procedure for challenging removal."  *Davidson v. Arch Chems. Specialty Prods., Inc.*, 347 F. Supp. 2d 938, 941 (D. Or. 2004) (citation omitted). Removal statutes are strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  "Federal jurisdiction must be rejected if there

is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). This presumption against removal jurisdiction places the burden of establishing that removal is proper on the defendant. *Id.* (citations omitted).

For removal based on diversity jurisdiction, § 1332(a) "requires complete diversity of citizenship." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). An exception to the requirement of complete diversity is the fraudulent joinder of a non-diverse defendant. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* (citation omitted).

In determining whether the non-diverse defendant faces any potential liability under Oregon law, the court must resolve "all questions of disputed fact and controlling law against the party seeking removal." *King ex rel. King v. Aventis Pasteur, Inc.*, 210 F. Supp. 2d 1201, 1209 (D. Or. 2002) (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)). Thus, removal is proper only "if the removing party demonstrates there is no possibility the plaintiff can state a cause of action against the nondiverse defendant." *King*, 210 F. Supp. 2d at 1209 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

## DISCUSSION

### I.    Mr. Starck's Liability Under ORS 659A.030

Under Oregon law, it is unlawful "[f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under" ORS 659A.030. Or. Rev. Stat. § 659A.030(1)(g). Both the Oregon Court of Appeals and this court

have determined that this provision of Oregon law allows a plaintiff to assert a claim against a

co-employee for aiding and abetting in unlawful employment practices.  *Price v. Taco Bell

Corp.*, 896 F. Supp. 1022, 1024 (D. Or. 1995); *Schram v. Albertson's, Inc.*, 934 P.2d 483, 488

(Or. Ct. App. 1997).  Mr. Gaither alleges that Mr. Starck "aided and abetted each of the unlawful

acts alleged" in the complaint.  (Notice of Removal (#1) Ex. B ¶¶ 26, 29, 31, 34.)  This is

precisely the type of claim that the *Price* and *Schram* courts found proper under ORS

659A.030(1)(g).

JQH contends that Mr. Gaither's allegations against Mr. Starck "boil down" to a

contention that Mr. Starck played a role in the unlawful conduct.  (JQH's Resp. (#10) 4.)  As a

result, JQH argues that Mr. Starck participated in the unlawful conduct and cannot be liable for

aiding and abetting the conduct, because someone cannot aid and abet himself.  (*Id.* at 5-6 (citing

*Sniadoski v. Unimart of Portland*, Civ. No. 93-1051-MA, 1993 WL 797438, at *2 (D. Or. Oct.

29, 1993)).)  In *Sniadoski*, the District Court knew of no Oregon cases addressing the question of

individual liability under ORS 659A.030(1)(g).  1993 WL 797438, at *2.  Turning to the

language of the statute, the court determined that "aiding and abetting liability makes little sense

against an employee alleged to be an active participant in the asserted harm." *Id.*  Finally, the

court concluded that the limited relief available under ORS 659.121(1) could be satisfied only by

an employer, making individual liability useless.  *Id.*  JQH goes further than *Sniadoski*, alleging

that aiding and abetting liability is not necessary against an employee or agent of an employer

who has a role in the alleged unlawful employment action.  According to JQH, employer liability

for the unlawful acts of its employees is sufficient.  This argument fails for two reasons.

PAGE 5 - OPINION & ORDER

First, the Oregon legislature disagrees with JQH's argument that employer liability is sufficient. It stated as much when it wrote ORS 659A.030(1)(g), which by its plain language imposes liability on employees who aid and abet in unlawful employment actions.

Second, JQH's argument is circular at best. The company contends that Mr. Starck cannot be liable for aiding and abetting because he was an actor in the discrimination and harassment of Mr. Gaither. It then cites to Oregon criminal law, which defines aiding and abetting as participation in a criminal venture. (JQH's Resp. (#10) 8 (citing *State v. Moczygemba*, 379 P.2d 557, 559 (Or. 1963) ("In order to aid and abet another to commit a crime it is necessary that a defendant in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." (internal citations omitted))).) Thus, an aider and abettor in criminal law is an actor. The same is true in tort law. *Granewich v. Harding*, 985 P.2d 788, 792 (Or. 1999) (A person may be jointly liable for another's tortious conduct when, among other things, he "gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person." (citation omitted)). Thus, under JQH's definition, a person cannot aid and abet without acting, but cannot be liable for aiding and abetting if he is an actor.

There are undoubtedly situations in which a plaintiff fails to allege aiding and abetting liability against a co-employee, alleging instead only liability as a primary actor, and making *Sniadoski*'s concern that you cannot aid and abet yourself relevant. That is not the situation with which I am faced here. When considering remand for lack of subject matter jurisdiction I do not consider whether Mr. Starck is actually liable to Mr. Gaither, but only whether there is a

possibility that Mr. Starck might be found liable.  *See King*, 210 F. Supp. 2d at 1209.  Under

*Schram* and *Price*, there is a possibility that Mr. Starck might be found liable for aiding and

abetting in the discrimination and harassment alleged by Mr. Gaither.  Thus, remand is proper as

long as there is an available remedy for violations of ORS 659A.030(1)(g).

## II.     Existence of a Remedy Under ORS 659A.885

Despite finding that ORS 659.030(1)(g) allowed a plaintiff to assert a claim against a co-

employee, both the *Price* and *Schram* courts dismissed the claims because of the lack of a proper

statutory remedy.  *Price*, 896 F. Supp. at 1024-25; *Schram*, 934 P.2d at 489.  In the mid-1990s,

remedies for violations of ORS 659.030 were provided by ORS 659.121(1), which limited

available remedies to equitable relief, including injunctive relief, reinstatement, and back pay.

*Price*, 896 F. Supp. at 1024 (citing Or. Rev. Stat. § 659.121(1)).  Both courts determined that

these types of equitable damages are available only against an employer and not against a co-

employee.  *Price*, 896 F. Supp. at 1024-25; *Schram*, 934 P.2d at 489.  Thus, the claims had to be

dismissed for failure to state a claim.

Today, remedies for violations of ORS 659A.030 can be found in ORS 659A.885.  Or.

Rev. Stat. § 659A.885.  Under ORS 659A.885(3), a "court may award . . . compensatory

damages or $200, whichever is greater, and punitive damages," in addition to the equitable relief

available under ORS 659A.885(1).  *Id.* § 659A.885(3)(a).  Thus, the problem in *Price* and

*Schram* no longer exists, and a plaintiff has a remedy against a co-employee liable under ORS

659A.030(1)(g).

JQH contends that Mr. Gaither has not requested the proper relief in his complaint and

thus his claim against Mr. Starck must fail.  Mr. Gaither's prayer for relief is as follows:

PAGE 7 - OPINION & ORDER

> (1) from Defendant John Q. Hammons Hotels Management, LLC, compensatory damages for his reduced income, and for the emotional distress, embarrassment, humiliation, mental suffering, and loss of personal dignity, all in an amount of not less than $1,500,000, an injunction prohibiting future discrimination, harassment and retaliation, and his costs and reasonable attorneys fees, pursuant to ORS 659A.885; (2) from Defendant Udo Starck, an injunction prohibiting future discrimination and harassment; and (3) such other and further relief as this Court deems just.

(Notice of Removal (#1) Ex. B at 9.)  Thus, Mr. Gaither appears to have limited his request for relief against Mr. Starck to injunctive relief, which the courts in *Price* and *Schram* found was not available against employee defendants.  This is not fatal to Mr. Gaither's claims against Mr. Starck.  "A district court should not grant a Rule 12(b)(6) motion to dismiss for failure to seek the technically appropriate remedy when the availability of some relief is readily apparent on the face of the complaint."  *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1104 (D.C. Cir. 1985).  In this case, it is clear from the complaint that Mr. Gaither has a remedy under ORS 659A.885 against Mr. Starck.  This is sufficient to state a claim against Mr. Starck; thus, remand is proper.

## III.    Costs and Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  An award of costs and fees under § 1447(c) is left to the district court's discretion.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).  However, that discretion is limited by the recognition that Congress was balancing the desire to deter improper removal while affording defendants the right to remove under proper circumstances.  *Id.* at 140.  Thus, "the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.

PAGE 8 - OPINION & ORDER

Mr. Gaither contends that JQH's removal was objectively unreasonable because JQH's attorney of record has published a paper citing *Schram* and stating that the Oregon Court of Appeals "held that supervisors may be liable for 'aiding and abetting' an employer in violating ORS 659.030." David H. Wilson, *Liability of Supervisors: Reducing and Managing the Legal Risks* 7 (Bullard Smith Jernstedt Wilson 2002), *available at* http://www.ospma.net/import/superliability.pdf. Mr. Wilson explains that the practical import of the *Schram* holding is that a suit may be maintained against a supervisor as long as the plaintiff specifically requests injunctive relief against the supervisor. *Id.* at 8. Ironically, this is exactly what Mr. Gaither has done here. And Mr. Wilson has argued vociferously that this is not the law.

JQH argues that the *Liability of Supervisors* paper was part of a presentation discussing how employers can reduce and manage legal risks, not legal advice to which it should be tied. I agree that a party should not be bound by the pronouncements of their attorneys on unrelated matters. However, JQH's counsel also acknowledged the import of *Schram* in a letter to plaintiff's counsel written after removal. (JQH's Response (#10) Ex. 1 at 2.) In the letter, JQH's counsel acknowledges that four years after this court found that a supervisor could not aid and abet himself in *Sniadoski* the Oregon Court of Appeals held in *Schram* that supervisors could be liable for aiding and abetting. (*Id.* at 1-2.) Thus, at least as of June 19, 2009, JQH's counsel acknowledged the holding of *Schram*.

The letter focuses on the fact that there was no remedy available when *Schram* was decided. In fact, all but one of the cases cited by JQH in the letter predate the amendment to ORS 659A.885(3), which allows for compensatory and punitive damages for violations of ORS

PAGE 9 - OPINION & ORDER

659A.030.  Apparently JQH's counsel failed to investigate whether ORS 659A.885 had been amended since 2004.

The only recent case supporting JQH's construction of the aiding and abetting statute is *Reid v. Evergreen Aviation Ground Logistics Enterprise, Inc.*, Civil No. 07-1641-AC, 2009 WL 136019 (D. Or. Jan. 20, 2009).  Because "neither party cite[d] any Oregon cases on point, [and] the court [had not] found any case directly addressing the question of individual liability under § 659A[.030,]" the court chose to follow *Sniadoski*.  *Id.* at *26.  Apparently in *Reid* the court was unaware of *Schram*.  However, JQH was clearly aware of *Schram*, therefore, this is a slim reed on which to place its entire argument for removal.

The better practice certainly would have been for JQH to research changes in Oregon law that directly impact this case and its removability.  Nor do I think the question of remand was a particularly close call in this case.  Ultimately, however, I hold that it is objectively reasonable to rely on a six month old holding from the District of Oregon when choosing to remove a case to that very court.  Thus, I do not award fees or costs to Mr. Gaither.

## CONCLUSION

Based on the foregoing, I GRANT IN PART and DENY IN PART Mr. Gaither's Motion to Remand Case to State Court (#5).  The Motion to Remand is GRANTED and this case is

//

//

//

//

PAGE 10 - OPINION & ORDER

REMANDED to Multnomah County Circuit Court.  However, I DENY Mr. Gaither's request for attorney fees and costs under 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Dated this  3rd  day of September, 2009.


                                        /s/ Michael W. Mosman
                                        MICHAEL W. MOSMAN
                                        United States District Judge